Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Sean N. Payne, Esq.
Nevada Bar No. 13216
PAYNE LAW FIRM LLC
9550 S. Eastern Ave. Suite 253-A213
Las Vegas, NV 89123
Phone: 702-952-2733
Fax: 702-462-7227
Email: seanpayne@spaynelaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LYNN MARIE COUSINO, and all similarly situated individuals,<br><br>        Plaintiff,<br><br>vs.<br><br>WHOLE FOODS MARKET, INC.; WHOLE FOODS MARKET GROUP, INC.; MRS. GOOCH'S NATURAL FOOD MARKETS, INC., and WFM SOUTHERN NEVADA, INC.,<br><br>        Defendant | Case No.: 2:17-cv-02531-JAD-PAL<br><br>**[PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

[Proposed] Stipulated Discovery Plan and Scheduling Order - 1

Plaintiff LYNN MARIE COUSINO ("Plaintiff") and Defendants WHOLE FOODS MARKET, INC.; WHOLE FOODS MARKET GROUP, INC.; MRS. GOOCH'S NATURAL FOOD MARKETS, INC., and WFM SOUTHERN NEVADA, INC., (collectively, the "Parties"), by and through their counsel of record, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rules of Civil Procedure 16 and 26, as well as LR 16-1 and 26-1.[1]

1.      **LR 26-1 Statement in Support of Special Scheduling**

The parties have agreed to the standard discovery period of 180 days for fact discovery. This case likely will involve the exchange of substantial amounts of documents and electronically stored information during fact discovery that will make it difficult to complete fact discovery and expert discovery on parallel tracks within a 180-day period.  As a result, the Parties respectfully request an additional 90 days of discovery to exchange initial and rebuttal expert reports and to depose expert witnesses.

For these reasons, the Parties agree that good cause exists to permit a fact discovery period of 180 days and a separate expert discovery period of 90 days (for a total discovery period of 270 days), and they respectfully request that the Court enter the following discovery plan and scheduling order:

---

[1] Defendant Whole Foods Market, Inc. has moved to dismiss the claims against it for lack of personal jurisdiction and is participating in this submission solely to remain compliant with Federal Rule of Civil Procedure 26 and Local Rule 26-1.

[Proposed] Stipulated Discovery Plan and Scheduling Order - 2

**2.    Discovery Plan:**

| | |
|---|---|
| Fact Discovery Cut-Off | **7/16/2018** (180 days from the date Defendants filed their Motion to Dismiss Amended Complaint, 1/16/2018) |
| Deadline to Amend Pleadings | **4/17/2018** (90 days prior to the close of fact discovery) |
| Deadline to Disclose Initial Expert Disclosures | **8/17/2018** (60 days prior to the close of discovery) |
| Deadline to Disclose Rebuttal Expert Disclosures | **9/17/2018** (30 days after the Initial Disclosure of Experts) |
| Expert Discovery Deadline | **10/17/2018** (30 days after disclosure of rebuttal experts) |
| Deadline to File Class Certification Motion | No later than **11/16/2018** (30 days after the close of discovery) |
| Deadline to File Dispositive Motions | **11/16/2018** (30 days after the close of discovery) |

**3.    Interim Status Report:** The Parties shall file the interim status report required by LR 26-3 no later than **8/20/2018** (58 days prior to the close of discovery).

**4.    Pre-Trial Order:** The Parties shall file a joint pretrial order no later than **12/14/2018** (28 days after the date set for filing dispositive motions). In the event that Parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

**5.     Initial Disclosures:** The Parties' initial disclosures will be exchanged on or before **2/23/2018.**   Any Party seeking damages shall comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

**6.     Extension of Discovery Deadline**: Requests to extend the discovery shall comply fully with LR 26-4.  Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.

The motion or stipulation shall include:

a.     A statement specifying the discovery completed by the Parties as of the date of the motion or stipulation;

b.     A specific description of the discovery which remains to be completed;

c.     The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

d.     A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the Parties informally postponed discovery. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court.

**7.     Electronically Stored Information ("ESI"):**

The Parties stipulate and agree that all discoverable documents will be produced on CD-ROM in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) as reasonably practicable, or in such other form as is agreed upon by the Parties. The Parties further agree that the "parent-child relationships" between documents will be

preserved when documents are produced (*e.g.*, e-mails and their attachments will be produced together with consecutive bates numbers) as reasonably practicable.

While the Parties agree at this time that it is not necessary to produce the metadata for electronic documents, the Parties reserve their respective rights to request such information should any Party deem it necessary.   This agreement determines only the format in which the Parties produce documents; it does not affect any other right of any Party.

**8.    LR 26-1(b)  CERTIFICATIONS**:    The Parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.  The Parties agree that this matter is not suitable for either of these alternative forms of case disposition.  The Parties further certify that they met and conferred about the possibility of using alternative dispute resolution processes including, mediation, arbitration, and early neutral evaluation.  The Parties believe that the use of alternative dispute resolution processes is premature at this time.

**9.    Electronic Service.**  The Parties agree to accept electronic service of discovery requests and responses pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).  To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.  The Parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations and agreed that should discovery be provided in an electronic format at trial, it will be compatible with the court's electronic jury evidence display system pursuant to LR 26-1(b)(9).

**10.    Protective Orders**.  The Parties agree that entry of a stipulated protective order and confidentiality agreement pursuant to Federal Rule of Civil Procedure 26(c) is appropriate in this case.  The Parties will promptly present a stipulated protective order to the Court for review

[Proposed] Stipulated Discovery Plan and Scheduling Order - 5

and approval once it is finalized.  Nothing herein shall prevent any Party from seeking entry of a protective order to Federal Rule of Civil Procedure 26(c) on any grounds, nor shall the contemplation of seeking a stipulated protective order constitute a waiver of any right to seek such an order under Federal Rule of Civil Procedure 26(c) for any purposes.

**11.     Clawback of Privileged Documents.** The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and the provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents or information as a result of this Order. This provision is not intended to nor shall serve to limit a Party's right to conduct review of documents (electronic or otherwise) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.  Upon notification of the production of privileged or work-product protected documents, the receiving Party shall not use or divulge the contents of such documents unless subsequently agreed to by the producing Party or permitted by the Court.  Any such documents shall be returned by the receiving Party within three business days of any written request therefore.  After returning any such document, the receiving Party retains the right to challenge the designation of the documents as privileged or otherwise protected from discovery.  In the event the receiving Party becomes aware that the producing party has disclosed privileged or work-product protected documents prior to receiving notification from the producing Party, it shall sequester the documents, notify the producing Party as soon as practicable, and await further instructions.

[Proposed] Stipulated Discovery Plan and Scheduling Order - 6

Respectfully submitted,

     Dated February 12, 2018
     **IT IS SO STIPULATED.**

| | |
|---|---|
| /s/ *Miles N. Clark* | /s/ *Mark E. Ferrario* |
| Matthew I. Knepper, Esq. | Mark E. Ferrario, Esq. |
| Nevada Bar No. 12796 | Nevada Bar No. 1625 |
| Miles N. Clark, Esq. | Christopher R. Miltenberger, Esq. |
| Nevada Bar No. 13848 | Nevada Bar No. 10153 |
| KNEPPER & CLARK LLC | GREENBERG TRAURIG, LLP |
| 10040 W. Cheyenne Ave., Suite 170-109 | 3773 Howard Hughes Pkwy., Ste 400 North |
| Las Vegas, NV 89129 | Las Vegas, NV 89169 |
| | Email: ferrariom@gtlaw.com |
| David H. Krieger, Esq. | Email: miltenbergerc@gtlaw.com |
| Nevada Bar No. 9086 | |
| HAINES & KRIEGER, LLC | Daniel R. Warren, Esq. (*Pro Hac Vice*) |
| 8985 S. Eastern Avenue, Suite 350 | Scott C. Holbrook, Esq. (*Pro Hac Vice*) |
| Henderson, Nevada 89123 | Dante A. Marinucci, Esq. (*Pro Hac Vice*)BAKER & HOSTETLER LLP |
| Sean N. Payne, Esq. | 127 Public Square, Suite 2000 |
| Nevada Bar No. 13216 | Cleveland, OH 44114 |
| PAYNE LAW FIRM LLC | Email: dwarren@bakerlaw.com |
| 9550 S. Eastern Ave. Suite 253-A213 | Email: sholbrook@bakerlaw.com |
| Las Vegas, NV 89123 | Email: dmarinucci@bakerlaw.com |
| Email: seanpayne@spaynelaw.com | |
| *Counsel for Plaintiff* | Ann Yackshaw, Esq. (*Pro Hac Vice*) |
| | BAKER & HOSTETLER LLP |
| | 200 Civic Center Drive, Suite 1200 |
| | Columbus, OH 43215 |
| | Email: ayackshaw@bakerlaw.com |
| | *Counsel for Defendants Whole Foods Market,* |
| | *Inc.; Whole Foods Market Group, Inc.;* |
| | *Mrs. Gooch's Natural Food Markets, Inc.; and* |
| | *WFM Southern Nevada, Inc.* |

## SCHEDULING ORDER

     The above-set stipulated Discovery Plan of the Parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16-1.

               IT IS SO ORDERED

               _____
               United States Magistrate Judge
               Dated: _____