Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Sean N. Payne, Esq.
Nevada Bar No. 13216
PAYNE LAW FIRM LLC
9550 S. Eastern Ave., Suite 253-A213
Las Vegas, NV 89123
Phone: 702-952-2733
Fax: 702-462-7227
Email: seanpayne@spaynelaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LYNN MARIE COUSINO, and all similarly situated individuals, <br><br> Plaintiff, <br><br> vs. <br><br> WHOLE FOODS MARKET, INC.; WHOLE FOODS MARKET GROUP, INC.; MRS. GOOCH'S NATURAL FOOD MARKETS, INC., and WFM SOUTHERN NEVADA, INC., <br><br> Defendants. | Case No.: 2:17-cv-02531-JAD-PAL <br><br><br> **STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, in accordance with Federal Rule of Civil Procedure 26(c), by and among Plaintiff LYNN MARIE COUSINO ("Plaintiff") and Defendants WHOLE FOODS MARKET GROUP, INC., WHOLE FOODS MARKET, INC., MRS. GOOCH'S NATURAL FOOD MARKETS, INC., and WFM SOUTHERN NEVADA, INC., (collectively, the "Parties"),[1] by and through their counsel of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff and Whole Foods's customers.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." Electronically Stored Information ("ESI") designated as "Confidential" must be so designated by affixing such notice to each electronic document or by marking the media upon which such ESI is produced—*i.e.*, DVD, CD, thumb drive—as "Confidential." In the event that any documents are produced in native format, documents may be marked "Confidential" by affixing this designation to the slip sheet for such documents. Print-outs of any ESI designated as "Confidential" must be treated in accordance

---

[1] Whole Foods Market, Inc. (WFMI) agrees to this Stipulation in the event it is ordered to proceed with discovery following the Court's ruling on WFMI's motion to dismiss for lack of personal jurisdiction.

with the terms of this Order.

3.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate discovery materials subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record if the Court so orders.  Any party filing any document under seal must comply with the requirements of Local Rules.

4.      All discovery materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff, Whole Foods Market Group, Inc., Mrs. Gooch's Natural Food Markets, Inc., and WFM Southern Nevada, Inc., for commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial (and any appeal) of this action in accordance with the provisions of this Order.

5.      All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other confidential information. The parties shall have thirty (30) days from the date a deposition transcript is received to serve a notice to all parties designating portions (by page and line number) as "Confidential."  Until such time, all deposition testimony shall be treated as confidential information. To the extent any designations are made on the record during the deposition, the designating party need not serve a notice re-designating those portions of the transcript as confidential information.  Any party may challenge any such designation in accordance with Paragraph 14 of this Order.

6.      Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any

information contained in or derived from any such materials (including but not limited to all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation, including officers, directors, and employees of the named parties participating in the prosecution or defense of this action; (c) counsel for the parties, whether retained counsel or in-house counsel, and their legal, clerical, and support staff, including temporary or contract staff, or service vendors (including outside copying services, data-processing services, investigators, and litigation support services) assisting in the conduct of this litigation; (d) deponents and fact witnesses (and counsel for such witnesses) reasonably believed by counsel to be necessary in connection with their testimony in this action or the preparation thereof, and provided that a person identified solely in this subsection (d) shall not be permitted to retain copies of Confidential discovery materials; (e) experts specifically retained as consultants or expert witnesses in connection with this litigation, provided that any report created by such expert or consultant relying on Confidential discovery material in whole or in part shall be designated as "Confidential" by the party responsible for its creation; (f) professional court reporters, stenographers, or video operators transcribing depositions or testimony in this action; (g) any mediator engaged by the Parties in this action; and (h) any other person only upon order of the Court or upon stipulation of the party that produced the Confidential discovery materials.

7.      Confidential discovery materials produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6 (e) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8.      Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

[Proposed] Stipulated Protective Order - 4

9.      All persons receiving any or all discovery materials produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom Confidential discovery materials are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential discovery materials shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10.     All trials are open to the public and, absent an order of the Court, there will be no restrictions on the use of any discovery materials that may be introduced by any party at trial simply because those materials have been designated "Confidential."

11.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.     The failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates discovery materials as "Confidential" after they were initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon request from the producing party certify that the designated discovery materials have been maintained as confidential information.

13.     If any party objects to any designation of any materials as Confidential, the parties shall first attempt in good faith to resolve such objection by agreement.  If the parties cannot resolve their objections by agreement, any party shall be free to seek the assistance of the Court. A party shall not be obligated to challenge the propriety of a Confidential designation at the time

made, and a failure to do so shall not preclude a subsequent challenge thereto.  Until an objection has been resolved by agreement of counsel or by order of the Court, the materials shall be treated as Confidential and subject to this Order.   The Court may find material to be improperly designated if it: (a) is already public knowledge or otherwise in the public domain; (b) has become public knowledge or enters the public domain other than as a result of a disclosure in violation of this Order; (c) is acquired by the non-producing party from a non-party lawfully possessing such documents or information; or (d) was lawfully possessed by the non-producing party before discovery in this action.

14.      **The designating party shall have the burden of proving that any document designated as CONFIDENTIAL is entitled to such protection.** If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least two judicial days prior to filing the designated document. The designating party must then make a good faith determination of whether the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate no later than on the next judicial day following the day on which notice of the intended filing was received that the document may be filed publicly. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than on the next judicial day following the day on which notice of the intended filing was received. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.  In the event of an emergency motion or response thereto, these procedures shall not apply.

15.      All persons and parties in possession of Confidential discovery materials shall: (1) implement and maintain a written information security program that includes commercially reasonable administrative, technical, and physical safeguards designed to protect the security and

confidentiality of such Confidential discovery materials; (2) use commercially reasonable efforts to protect against any reasonably anticipated threats or hazards to the security of such Confidential discovery materials; and (3) use commercially reasonable efforts to protect against unauthorized access to or use of such Confidential discovery materials.  To the extent a person or party does not have an information security program, they may comply with this provision by having the Confidential discovery materials managed by and/or stored with an eDiscovery vendor(s) that maintains such an information security program.  If the person or party receiving Confidential discovery materials discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential discovery materials, the receiving person or party shall promptly:  (1) provide written notice of the breach to the person or party who designated the discovery materials as Confidential; (2) investigate and make commercially reasonable efforts to remediate the effects of the breach and ensure that a breach shall not recur; and (3) provide the person or party who designated the discovery materials as Confidential sufficient information about the breach to reasonably ascertain the size and scope of the breach.

16.     Within sixty (60) days after the final termination of this litigation, all discovery materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom shall be returned to the producing party.  In lieu of return, the parties may agree to destroy the documents, to the extent practicable.  As to those materials containing Confidential discovery material that (i) in the good faith judgment of counsel are work product materials, and/or (ii) were filed with the Court and/or marked as trial exhibits, counsel may retain these documents if such counsel comply with this Order with respect to the retained materials.

17.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

18.     The Court retains the right to allow disclosure of any subject covered by this

stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO STIPULATED.**

Dated March 7, 2018

| | |
|---|---|
| /s/ *Miles N. Clark* | /s/ *Daniel R. Warren* |
| Matthew I. Knepper, Esq. | Daniel R. Warren, Esq. (*Pro Hac Vice*) |
| Nevada Bar No. 12796 | Scott C. Holbrook, Esq. (*Pro Hac Vice*) |
| Miles N. Clark, Esq. | Dante A. Marinucci, Esq. (*Pro Hac Vice*) |
| Nevada Bar No. 13848 | BAKER & HOSTETLER LLP |
| KNEPPER & CLARK LLC | Key Tower |
| 10040 W. Cheyenne Ave., Suite 170-109 | 127 Public Square, Suite 2000 |
| Las Vegas, NV 89129 | Cleveland, OH 44114 |
| | Email: dwarren@bakerlaw.com |
| David H. Krieger, Esq. | Email: sholbrook@bakerlaw.com |
| Nevada Bar No. 9086 | Email: dmarinucci@bakerlaw.com |
| HAINES & KRIEGER, LLC | |
| 8985 S. Eastern Avenue, Suite 350 | Ann Yackshaw, Esq. (*Pro Hac Vice*) |
| Henderson, Nevada 89123 | BAKER & HOSTETLER LLP |
| | 200 Civic Center Drive, Suite 1200 |
| Sean N. Payne, Esq. | Columbus, OH 43215 |
| Nevada Bar No. 13216 | Email: ayackshaw@bakerlaw.com |
| PAYNE LAW FIRM LLC | |
| 9550 S. Eastern Ave. Suite 253-A213 | Mark E. Ferrario, Esq. |
| Las Vegas, NV 89123 | Nevada Bar No. 1625 |
| Email: seanpayne@spaynelaw.com | Christopher R. Miltenberger, Esq. |
| | Nevada Bar No. 10153 |
| *Counsel for Plaintiff* | GREENBERG TRAURIG, LLP |
| | 3773 Howard Hughes Pkwy., Ste 400 North |
| | Las Vegas, NV 89169 |
| | Email: ferrariom@gtlaw.com |
| | Email: miltenbergerc@gtlaw.com |
| | |
| | *Counsel for Defendants Whole Foods Market,* |
| | *Inc.; Whole Foods Market Group, Inc.;* |
| | *Mrs. Gooch's Natural Food Markets, Inc.; and* |
| | *WFM Southern Nevada, Inc.* |

## ORDER GRANTING STIPULATED PROTECTIVE ORDER

**IT IS SO ORDERED.**

Dated: March 8, 2018

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

*(Lynn M. Cousino v. Whole Food Market, Inc., et al; 2:17-cv-02531-JAD-PAL)*

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4       I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5.      I have carefully read and understand the provisions of this Stipulated Protective Order.

6.      I will comply with all provisions of this Stipulated Protective Order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.      I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

///

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2018, at _____.


_____
QUALIFIED PERSON